**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ANTHONY DENILSON DURAN** | **CASE NO. 1:26-CV-04757 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **WARDEN WINN CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

**ORDER**

Presently before the Court is the Motion for Temporary Restraining Order [ECF No. 3] filed by Petitioner. Petitioner seeks an order enjoining the Respondents from transferring Petitioner outside the district or removing him from the United States. This request is included in the remedies sought in his petition.

Preliminary injunctive relief is an "extraordinary remedy" that should only be granted if the movant has "clearly carried the burden of persuasion" on the following four elements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) granting the injunction will not disserve the public interest.[1] The decision to grant preliminary injunctive relief "is to be treated as the exception rather than the rule."[2]

"The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief it seeks."[3] Where a motion for injunctive relief mirrors the allegations in support of the habeas

---

[1] *Miss. Power & Light Co. v. United Gas Pipe Line Co*., 760 F.2d 618, 621–22 (5th Cir.1985); *see also Perez v. City of San Antonio*, 163 F.4th 110, 118 (5th Cir. 2025).
[2] *Miss. Power & Light Co.* at 621.
[3] *WarnerVision Entm't Inc. v. Empire of Carolina, Inc*., 101 F.3d 259, 261–62 (2d Cir. 1996); *see also Lackey v. Stinnie*, 604 U.S. 192, 200 (2025).

petition (as in this matter) and both seek the same relief, the motion for injunctive relief may be denied.[4] "Otherwise, a motion for preliminary injunction seeking immediate release would function as a form of accelerated review, circumventing the habeas process."[5] As recently set forth by another judge of this District,

> The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. The Court will not allow Petitioner to commit an end-run around the habeas process.[6]

Further, the Court has reviewed the pleadings in the case and finds that the Petitioner has not demonstrated a substantial likelihood of success on the merits of his claim. In addition, the suggestion that the Respondents intend to remove the Petitioner from this district is speculative. For these reasons,

IT IS ORDERED THAT the Motion for Temporary Restraining Order and Motion for Preliminary Injunction [ECF No. 3] is DENIED. The Petition will be ruled on in due course.

THUS DONE in Chambers on this 13th day of November, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

[4] *Stines v. Superintendent*, No. 24-CV-456, 2025 WL 1448358, at *2 (N.D.N.Y. May 20, 2025) (quoting *Lawry v. Wolcott*, No. 20-CV-588, 2020 WL 4018344, *6 (W.D.N.Y. July 15, 2020); *accord Meade v. Spaulding*, No. 16-CV-2212, 2017 WL 3425181, at *2 (M.D. Pa. Aug. 9, 2017).
[5] *Stines*, *supra*.
[6] *Rodriguez v. Lyons*, No. 25-CV-1926, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025).